IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALEJANDRO TAMAYO, #34943-177, § | |
| Petitioner, § | |
| § | |
| v. § | 3:09-CV-0094-M |
| § | 3:05-CR-0313-M |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Alejandro Tamayo ("Petitioner") brings a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The United States of America ("Respondent") opposes the motion on the grounds that: (1) Petitioner's claim that the government illegally seized his family home and his personal vehicles is not cognizable on collateral review; and (2) his claim that the Court erred when it did not consider a sentence below the range set by the United States Sentencing Guidelines ("Sentencing Guidelines") is procedurally barred. Petitioner also claims that his guilty plea was rendered involuntary by ineffective assistance of counsel. Respondent contends that Petitioner's ineffective assistance of counsel claim fails because Petitioner does not show deficient conduct or resulting prejudice.

**BACKGROUND**

On April 4, 2006, Petitioner was charged in a superseding indictment. The charges against him included: Count 1, conspiracy to possess with the intent to distribute in excess of 500 grams of methamphetamine and in excess of five kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A); Count 2, possession with the intent to distribute in excess of 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); Count 3, possession of a firearm

during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); Counts 8 and 9, assault on a federal officer, each in violation of 18 U.S.C. § 111; and Count 10, possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Count 11 contains a forfeiture allegation, specifically identifying Petitioner's property sought to be forfeited.

On August 1, 2006, Petitioner pled guilty to Count 1, conspiracy to possess with the intent to distribute in excess of 500 grams of methamphetamine and in excess of five kilograms of cocaine. On November 27, 2006, the Court sentenced him to life imprisonment and a five-year term of supervised release. He was also ordered to pay restitution in the amount of $37,662.44. The Court also forfeited one parcel of real property, two vehicles, currency, nine firearms, and assorted ammunition. The Fifth Circuit Court of Appeals affirmed Petitioner's conviction and sentence on December 26, 2007. *United States v. Tamayo*, 260 F. App'x 700 (5th Cir. 2007) (unpublished). The Fifth Circuit denied Petitioner's motion for rehearing on January 29, 2008. This, his only post-conviction motion, was timely filed on January 15, 2009.

## Claim One - Forfeiture of Property

Petitioner claims that the government illegally seized his family home and his personal vehicles. A challenge to the forfeiture of assets does not go to the validity of a defendant's conviction or sentence; therefore, the claim is not cognizable under § 2255. Section 2255 is limited to claims relating to unlawful custody. *United States v. Segler*, 37 F.3d 1131, 1136-37 (5th Cir. 1994). Accordingly, Petitioner's illegal forfeiture claim is not cognizable in this proceeding.

## Claim Two - Failure to Consider a Sentence
## Below the Sentencing Guideline Range

A defendant may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error.[1] *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991); *United States v. Frady*, 456 U.S. 152, 168 (1982). The cause and actual prejudice standard requires the defendant to show that "some objective factor external to the defense" impeded his efforts to raise the issue as required by each relevant procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). The prisoner must also demonstrate that the error he alleges "worked to his actual and substantive disadvantage, infecting his entire trial with error." *Frady*, 456 U.S. at 170. A defendant's failure to show either prong forecloses collateral relief. *Id*. at 168. A defendant must meet this cause and actual prejudice test even when he alleges fundamental constitutional error. *Shaid*, 937 F.2d at 232. The test applies for failure to raise the error both at trial and on appeal. Only when a movant has met both of the requirements of cause and actual prejudice should the reviewing court proceed to a determination of the claim on the merits. *United States v. Bondurant*, 689 F.2d 1246, 1250 (5th Cir. 1982).

Petitioner claims that the District Court erred when it did not consider a sentence below the guideline range. Petitioner makes the conclusory assertion that the District Court had discretion to do so and that the imposed sentence "overstated" the offense and was, thus, unreasonable. Petitioner failed to raise this claim in the trial court or on direct appeal. He has shown no reason external to

---

[1] The only narrow exception to the cause and actual prejudice requirement is the "actual innocence" exception. *Shaid*, 937 F.2d at 232. Petitioner does not claim "actual innocence."

his defense for his failure to do so. He cannot show cause for his procedural default. Accordingly, Petitioner's second claim fails.

## Claim Three - Ineffective Assistance of Counsel

To prove a claim of ineffective assistance of counsel, a petitioner must show: (1) that his counsel's performance was deficient and (2) that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To prevail on the deficiency prong of this test, he must identify the acts or omissions that were not the result of reasonable professional judgment. *Id*. at 690. To prove the prejudice prong of alleged sentencing errors, a petitioner must show that there was a reasonable probability that, but for counsel's action, he would have received a lower sentence. *United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004).

The burden is on the petitioner to show that counsel's representation fell below an objective standard of reasonableness. *Id*. at 688. The court's scrutiny shall be "highly deferential," and the court must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689-90. The *Strickland* court explained the appropriate test for prejudice:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Strickland*, supra, at pages 691, 694-95.

"[A]ny amount of actual jail time has Sixth Amendment significance" in establishing prejudice. *Glover v. United States*, 531 U.S. 198, 203 (2001); *Grammas*, 376 F.3d at 439.

Because both the deficient performance and the prejudice prongs of *Strickland* must be satisfied, "an ineffective assistance contention may be rejected on an insufficient showing of

4

prejudice, without inquiry into the adequacy of counsel's performance." *Strickland*, 466 U.S. at 689-94.

The Court held an evidentiary hearing on Petitioner's ineffective assistance of counsel claim. Petitioner was represented by James Hawkins, Assistant Federal Public Defender, and Respondent was represented by Suzanna Etessam, Assistant United States Attorney. Witnesses included Petitioner, Petitioner's wife, and his trial counsel, James Vasilas.

Petitioner argues that his guilty plea was not voluntary because counsel told him he "could be seeing a maximum of 15 years." (Hr'g Tr. at 47.) A voluntary guilty plea waives all non-jurisdictional defects in the proceedings against the defendant. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000), citing *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991). This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary. *Id*. The standard for determining the effectiveness of counsel during a guilty plea proceeding is the two-prong test set forth by the Supreme Court in *Strickland*. *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994), citing *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). To meet the prejudice prong, the defendant must affirmatively prove prejudice. *Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir. 1986).

Thus, "[e]ven where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary. In such a case there is 'no actual and substantial disadvantage' to the defense." *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984), quoting *Diaz v. Martin*, 718 F.2d 1372, 1379 (5th Cir. 1983). Moreover, reliance on erroneous advice of counsel regarding the sentence to be imposed does not render a

5

guilty plea involuntary or unknowing. *United States v. Gracia*, 983 F.2d 625, 629 (5th Cir. 1993); *United States v. Santa Lucia*, 991 F.2d 179, 180 (5th Cir. 1993).

Just as in this case, the petitioner in *Gracia* argued that his guilty plea was not voluntary because his reason for pleading was an erroneous sentence prediction of counsel and because Gracia's "yes" and "no" answers to the judge's questions during the plea hearing resulted from prompting by his attorney, rather than from his own free will. *Gracia*, 983 F.3d at 628 n. 10. The Fifth Circuit found that the record showed the voluntariness of the plea:

> By accepting the guilty plea, the district court implicitly found that Gracia answered its questions during rearraignment of his own volition . . . . We are not wont to disturb this implicit finding, based as it is on the district court's superior ability to observe the conduct of both Gracia and his counsel during the plea colloquy.
>
> * * * *
>
> Gracia next contends that his reliance upon misinformation from both prosecution and defense counsel about the likely period of incarceration rendered his guilty plea involuntary. He claims that both the prosecutor and defense counsel told him that if he pleaded guilty he would be sentenced to 120 months. This is not a sufficient basis to set aside a guilty plea where, as here, the trial court properly advised the defendant about the possible maximum penalty. *See United States v. Kinder*, 946 F.2d 362 (5th Cir. 1991) (alleged misrepresentation by prosecutor did not vitiate guilty plea), cert. denied, 504 U.S. 946, 112 S. Ct. 2290, 119 L. Ed. 2d 214 (1992); *United States v. Jones*, 905 F.2d 867, 868 (5th Cir. 1990) ("erroneous advice of defense counsel as to the guideline sentence does not constitute a violation of Rule 11").

*Id*. at 628-629.

Petitioner argues that the only reason he pled guilty was because his attorney advised that if he didn't, "they would give me a lot of time." (Hr'g Tr. at 47.) Petitioner claims his attorney never told him how much time and also argues that his answers during the plea colloquy when he told the Court he had seen the presentence investigation report do not reflect his true intentions because his attorney told him to say "yes" when the Court questioned him. (*Id*. at 47, 51.) Petitioner

6

contends that he would not have pled guilty if he had known that his recommended guideline range of imprisonment was life. (*Id*. at 49.) However, Petitioner admitted that counsel went over the factual resume with him before he signed it and that the factual resume contained the penalties that he faced by pleading guilty. (Hr'g Tr. at 53.) He admitted that the penalty provision specifically states that the penalty is not less than ten years and not more than life imprisonment. (*Id*.) Thus, his protestations that he did not know he could get life in prison are without merit.

To be valid, a guilty plea must be knowing and voluntary. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). "[A] defendant need only understand the direct consequences of the plea and not every consequence that, absent a plea of guilty, would not otherwise occur." *United States v. Hernandez*, 234 F.3d 252, 255 (5th Cir. 2000). "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged." *Ables v. Scott*, 73 F.3d 591, 592 (5th Cir. 1996). A guilty plea is invalid where the defendant has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt. *Henderson v. Morgan*, 426 U.S. 637, 644-45 (1976). Solemn declarations in open court carry a strong presumption of verity. *United States v. Palmer*, 456 F.3d 484, 491 (5th Cir. 2006). "[T]he representations of a defendant, his lawyer, and the prosecutor at a plea hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). A defendant carries a strong burden of showing that his plea was involuntary after testifying to the voluntariness in court. *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994).

In this case, Petitioner's plea was knowing and voluntary. At rearraignment, Petitioner testified that the superseding indictment had been read to him in Spanish and he understood the

7

charge against him. (Rearraignment Tr. at 9.) The Court read the essential elements that the government would have to prove in order for Petitioner to be found guilty at trial, and Petitioner admitted to committing each of those elements. (*Id.* at 9-10.) He testified that he understood that he faced a minimum term of 10 years imprisonment, a maximum term of life imprisonment, and a fine of up to $4,000,000. (*Id.* at 12-13.) Petitioner further testified that he understood that the guidelines, although advisory only, would apply to his case. (*Id.* at 7-8.) He also testified that he read the factual resume before he signed it and stated that the factual resume is true. (*Id.* at 13-14.) The Court found that Petitioner's plea was knowing and voluntary. (*Id.* at 14.) The District Court accepted the guilty plea.

Petitioner's claim that he relied on counsel's advice that his prison sentence would only be 10 to 12 years is without merit. At rearraignment, Petitioner testified that he understood that his sentence would be decided by the District Court and that he should not depend or rely upon statements or promises from anyone as to what his penalty would be. (*Id.* at 7-8.) Petitioner also testified that he understood that his sentence could not be determined until after the presentence report had been prepared. (*Id.* at 8.) Notably, Petitioner testified that no one had made any promise or assurance to him of any kind in an effort to persuade him to plead guilty. (*Id.* at 11.) Finally, he testified that he understood that his punishment would be assessed somewhere within the range provided by statute. (*Id.* at 11-12.) Petitioner fails to meet the high burden of proving that his plea was not knowing and voluntary when his testimony at rearraignment completely contradicts his claim.

Moreover, for a prisoner to receive federal habeas relief on the basis of alleged promises that are inconsistent with representations made in open court when his guilty plea was accepted, he must

"'prove (1) exactly what the terms of the alleged promise were; (2) exactly when, where, and by whom such a promise was made; and (3) the precise identity of an eyewitness to the promise.'" *Davis v. Butler*, 825 F.2d 892, 894 (5th Cir. 1987) (*quoting Smith v. McCotter*, 786 F.2d 697, 701 (5th Cir. 1986)). A "prediction, prognosis, or statement of probabilities . . . does not constitute an 'actual promise.'" *Harmason v. Smith*, 888 F.2d 1527, 1531 (5th Cir. 1989). Further, a counsel's erroneous estimate of the length of the sentence does not necessarily prove ineffective assistance. *Beckham v. Wainwright*, 639 F.2d 262, 265 (5th Cir. 1981). Rather, a counsel's "good faith but erroneous prediction of a sentence . . . does not render the guilty plea involuntary." *Johnson v. Massey*, 516 F.2d 1001, 1002 (5th Cir. 1975). Similarly, a guilty plea is not rendered involuntary because the defendant's misunderstanding was based on defense counsel's inaccurate prediction that a lesser sentence would be imposed. *Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002).

Petitioner's testimony that, but for counsel's telling him he was "looking at ten to twelve years," he would have insisted on going to trial is not credible. It is contradicted by his assurance to this Court at rearraignment that he had not been promised any sentence and to his attestations at sentencing.

The government's evidence included 21 compact disks, four audio cassettes, and CD's of law enforcement's tapping of Petitioner's cell phone. (Hr'g Tr. at 10.) Counsel testified that Petitioner "didn't have any qualms about the conspiracy aspect of his case" and "acknowledged the phone calls." At sentencing, some co-conspirators testified against Petitioner. (*Id*. at 54.) Other co-conspirators pled guilty and were available to testify at a trial. Petitioner has failed to show that any allegedly deficient conduct by counsel prejudiced him. He has failed to meet the *Strickland* standard to show ineffective assistance of counsel.

9

## **RECOMMENDATION**

The record conclusively shows that Petitioner is not entitled to relief. The Court recommends that the District Court deny Petitioner's motion pursuant to 28 U.S.C. § 2255.

SO RECOMMENDED, April 22, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).